IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHELONDRIA GAY,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:22-CV-979-P |
| EMERALD FINANCIAL<br>SERVICES, LLC,<br>Defendant. | §<br>§<br>§<br>§ | |

## FINDINGS, CONCLUSION AND RECOMMENDATIONS ON DEFENDANT EMERALD FINANCIAL SERVICES, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Pending before the Court is a Motion to Dismiss for Lack of Subject-Matter Jurisdiction [doc. 19], filed January 18, 2023, by Defendant Emerald Financial Services, LLC ("EFS").[1] Having carefully considered both parties' pleadings and all relevant, applicable law, the Court finds EFS' motion should be **GRANTED** and that all claims against it be **DISMISSED**.

## I.    RELEVANT BACKGROUND

Plaintiff *pro se* Shelondria Gay ("Gay") first filed this lawsuit against H&R Block on October 31, 2022 [doc. 1]. Gay filed her Amended Complaint [doc. 11] on November 15, 2022, seeking relief against H&R Block for her inability to withdraw a $1,400.85 check from her closed

---

[1] In its motion, EFS states as follows:

> Plaintiff names H&R Block as a defendant in this action. H&R Block is a trade name and not a legal entity with the capacity to be sued. Based on the allegations in Plaintiff's Amended Complaint, the legal entity associated with the allegations appears to be Emerald Financial Services, LLC. Accordingly, this motion to dismiss is made on behalf of Emerald Financial Services, LLC.

(Defendant Emerald Financial Services, LLC's Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("Def.'s Mot.") at 1 (internal citations omitted).)

The Court previously found the properly-named Defendant in Gay's suit is EFS and issued an Order [doc. 37] directing the Court to change the docket to reflect EFS as the sole Defendant in this lawsuit.

H&R Block account.[2] (Pl.'s Am. Compl. at 3.) Gay was authorized to proceed *in forma pauperis*

[doc. 13] on November 21, 2022, and the Court ordered service of H&R Block on December 7,

2022 [doc. 14]. As stated, EFS filed the instant motion to dismiss on January 18, 2023. In its

motion, EFS argues Gay's lawsuit should be dismissed because the Court lacks subject-matter

jurisdiction to adjudicate her claims.

## II.    MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(1) "allow[s] a party to challenge the subject matter

jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th

Cir. 2001). Federal courts are courts of limited jurisdiction and possess only that power authorized

by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

377 (1994). Parties "may neither consent to nor waive federal subject matter jurisdiction." *Simon*

*v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). "The burden of establishing subject

matter jurisdiction [and resisting dismissal under Rule 12(b)(1)] rests upon the party asserting

jurisdiction." *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935

(5th Cir. 2012); *see also Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537

---

[2] In her Amended Complaint, Gay brings seven claims against H&R Block: (1) Misappropriation of Funds under on 18 U.S.C. § 644, (2) Tort of Fraudulent Conversion pursuant to 18 U.S.C. §§ 643-44, 648-653 and various Texas Penal Code statutes, (3) Embezzlement pursuant to 18 U.S.C. §§ 31, 649 and the Texas Civil Practices and Remedies Code, (4) Reckless Breach of Fiduciary Duty under the Texas Civil Practices and Remedies Code, (5) Negligence pursuant to the Texas Civil Practices and Remedies Code, (6) Unjust Enrichment, in which Gay curiously cites a Colorado case dealing with home builder liability, and (7) Wire and ACH Fraud under 18 U.S.C. § 1343 and the Texas Penal Code.

(Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 10-16); *see also See Pulte Home Corp., Inc. v. Countryside Cmty. Ass'n*, No. 14SC77, 2014 WL 4403205 (Colo. 2014).

Gay seeks the following relief:

[S]tatutory and civil liability, exemplary, punitive, and equitable leaving the Defendant with a lesson once all restitution is exhausted that is afforded to Plaintiff in this case.

(*Id.* at 19.)

(5th Cir. 2017). "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, 'a federal court does not have jurisdiction over the case.'" *Settlement Funding*, 851 F.3d at 537 (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)).

## III.    ANALYSIS OF PLAINTIFF'S CLAIMS

As stated, the primary issue presented by EFS is whether this Court has subject matter jurisdiction to hear Gay's claims. In order for Gay's suit to survive EFS' attack under Federal Rule of Civil Procedure 12(b)(1), the Court must find it has original jurisdiction by way of diversity or federal question jurisdiction.[3] Under 28 U.S.C. § 1331, a federal court has original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." To determine whether a claim arises under federal law, the court examines the "well pleaded" allegations of the complaint and "ignore[s] potential defenses." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). The artful-pleading doctrine serves as a corollary to the well-pleaded complaint rule. *See Roland v. Green*, 675 F.3d 503, 520 (5th Cir. 2012). In her Amended Complaint, Gay claims federal question jurisdiction via 15 U.S.C.A. § 77v and 28 U.S.C. § 1331. The Court will address the statutes' applicability below.

### A.  15 U.S.C.A. § 77v

15 U.S.C.A. § 77v is the jurisdictional section of the Securities Act of 1933 ("1933 Act"). Federal courts have jurisdiction over actions protecting the securities market. *See* 15 U.S.C.A. § 77v(a). To state a claim under the 1933 Act, a plaintiff must allege the defendant made a false or misleading statement of fact on a registration statement and that the statement was material. Securities Act 1933 § 11, 12. Federal Rule of Civil Procedure 9(b) furthers, requiring a particularity requirement for "all averments of fraud or mistake." Fed. R. Civ. P. 9(b). Accordingly, when a plaintiff claims fraud in a 1933 Act claim, she must plead according to Rule

---

[3] Gay asserts only federal question jurisdiction. Accordingly, the Court will not address diversity jurisdiction.

9(b)'s particularity requirement. *In re. STAC Elecs. Sec. Litig.*, 89 F.3d 1399, 1404-05 (9th Cir. 1996); *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994) (holding Rule 9(b) applies to Securities Act 1933 claims based in fraud rather than negligence).

Gay relies, in part, on the 1933 Act for jurisdiction in all her seven claims against EFS. Gay wholly fails, however, to allege that EFS made a false or misleading statement of fact on a registration statement. For her claims asserting fraud—"Tort of Fraudulent Conversion" and "Wire and Ach Fraud"—Gay, again, wholly fails to plead with any particularity that EFS committed fraud under the 1933 Act. (Pl.'s Am. Compl. at 11, 15.) Accordingly, Gay's mere assertion of jurisdiction under the 1933 Act is insufficient for jurisdictional purposes and the Court **FINDS** it does not have subject matter jurisdiction to hear Gay's claims against EFS under 15 U.S.C.A. § 77v. EFS' motion should be **GRANTED** as to this jurisdictional basis.

### B. 28 U.S.C. § 1331

The Court now turns to 28 U.S.C. § 1331. Relevant here, federal question jurisdiction under this statute requires that a plausible federal claim appears on the face of the complaint. *See Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010). Stated differently, a Court lacks jurisdiction when the alleged federal claim is "frivolous or insubstantial . . . , i.e., [when] a claim [] has no plausible foundation." *See Id.* (internal quotations omitted); e.g., *Willis v. McCoy*, 1 F.3d 1237, 1993 WL 310295 at *1 (5th Cir. 1993) (per curiam) (affirming *sua sponte* dismissal of plaintiff's libel action for lack of federal question jurisdiction). Gay relies on various federal statutes to support her claims and the Court will separately address them below.

#### 1. Title 18 Claims

Four of Gay's claims—Misappropriation of Funds, Fraudulent Conversion, Embezzlement, and Wire and ACH Fraud—rely on sections of Title 18 of the United States Code to support federal question jurisdiction. Simply put, Title 18 of the United States Code defines

4

crimes and offenses against the United States. Gay has alleged only claims for civil relief against EFS in her Amended Complaint. Accordingly, the Court **FINDS** that Title 18 is unavailable to Gay. *See Stacker v. Tex. Dept of Safety*, No. 3:20-CV-2951-X-BN, 2020 WL 5996434, at *2 (N.D. Tex. Sept. 25, 2020) (quoting *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies."). Therefore, any claim under this Title should be **DISMISSED**.

### 2. Uniform Commercial Code ("UCC") Claims

Gay also cites two sections under UCC Article 4 in her Amended Complaint as basis for federal question jurisdiction to support her Misappropriation of Funds and Wire and Ach Fraud claims.[4] (Pl.'s Am. Compl. at 11, 16.) Generally, UCC Article 4 governs bank deposits and collections. Specifically, §4A-208 governs the rights and liabilities of parties when the payment order designates an intermediary or beneficiary's bank by a number which is not correct. The section also governs when the designation is by name and number and where each identify a different bank. Next, §4A-108 provides that the article does not apply to a funds transfer that is governed by the Electronic Fund Transfer Act of 1978 ("EFTA"). In her Amended Complaint, Gay fails to plead that a payment order designated an incorrect intermediary or beneficiary's bank number or that there was a discrepancy in name, number, and bank. Rather, she states that an H&R Block manager informed her "that someone by the name of Sean Mullen or Sean Logan had withdr[awn] money from [her] account after [she] closed it." (Pl.'s Am. Compl. at 11 (internal quotations omitted).) Additionally, Gay wholly fails to plead any facts surrounding the EFTA or its applicability. After review, the Court **FINDS** the Gay has failed to plead a cause of action or

---

[4] Gay cites, respectively, "U.C.C. §4A-208 Misdescription of Intermediary Bank or Beneficiary's Bank" and "U.C.C. Art. 4A. Funds Transfer §4A-108. Relationship to Electronic Fund Transfer Act." (Pl.'s Compl. at 11, 16 (emphasis omitted).)

claim relevant under the above listed UCC Article 4 provisions. Therefore, as Gay has failed to prove federal question under UCC Article 4, the claims emanating from it should be **DISMISED**.

### 3. 29 U.S.C. § 1109 Claims

For her claims of Breach of Fiduciary Duty and Negligence, Gay relies, in part, on 29 U.S.C. § 1109. This statute provides liability for breach of fiduciary duty as relates to the Employee Retirement Income Security Program ("ERIS"). In her Amended Complaint, Gay wholly fails to plead any facts that support she is a member of the ERIS program or that EFS owed her a duty pursuant to an ERIS plan. Accordingly, the Court **FINDS** Gay has not properly pled federal question jurisdiction under 29 U.S.C. § 1109 and her Breach of Fiduciary Duty and Negligence claims should be **DISMISSED**.[5]

For the foregoing reasons, the Court **FINDS** that Gay has failed to meet her burden to plead claims of federal question under 28 U.S.C. § 1331. Accordingly, the Court **FINDS** that it lacks original jurisdiction to adjudicate this lawsuit and that EFS' motion should be **GRANTED**. As such, the Court **RECOMMENDS** that EFS' motion be **GRANTED** and that all claims against it be **DISMISSED** for lack of subject matter jurisdiction.

### C. State Law Claims

Lastly, in all her claims against EFS, with the exception of Misappropriation of Funds and Unjust Enrichment, Gay relies on various Texas statutes. A federal court may exercise supplemental jurisdiction over state law claims that arise from the same case or controversy presented in the federal lawsuit. 28 U.S.C. § 1367. A court may decline to exercise supplemental jurisdiction for the following reasons:

> (1) the claim raises a novel or complex issue of State law,

---

[5] Notably, "Texas does not recognize a fiduciary duty owed by a lender to a borrower." *Williams v. Countrywide*, 504 F.Supp.2d 176, 192 (S.D. Tex. 2007); *Esty v. Beal Bank*, S.S.B., 298 S.W.3d 280, 304 (Tex. App.-Dall. 1009, no pet.).

6

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

As to Gay's remaining state law claims, the Court **RECOMMENDS DECLINATION** to exercise supplemental jurisdiction over such claims, based on the factors set forth in 28 U.S.C. § 1367(c), as well as the common-law factors of judicial economy, convenience, fairness, and comity.

## IV.    RECOMMENDATION

For the reasons set above, the Court **RECOMMENDS** that Motion to Dismiss for Lack of Subject-Matter Jurisdiction [doc. 19] be **GRANTED**, as Gay's suit lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

The Court further **RECOMMENDS** the District Judge **DECLINE** to exercise supplemental jurisdiction over Gay's state law claims.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **July 13, 2023**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendations. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusion and recommendations, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 29, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE