UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**S**HELONDRIA **G**AY,

   Plaintiff,

v.                                   **No. 4:22-CV-0979-P**

**E**MERALD **F**INANCIAL **S**ERVICES, LLC,

   Defendant.

# ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion to Dismiss. ECF No. 19. The United States Magistrate Judge made Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 39. Plaintiff filed an "objection," but stated no specific reasons for the objection. Thus, the Magistrate Judge's FCR is ripe for review.

For the following reasons the Court the Court **OVERRULES** Plaintiffs' Objections, **ADOPTS** the reasoning in the Magistrate Judge's FCR, and **GRANTS** the Motion to Dismiss. ECF No. 19. As such, Plaintiff's claims are **DISMISSED without prejudice.**

## LEGAL STANDARD

A magistrate judge's FCR is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). And the district court may accept, reject, or modify the recommendations or findings in whole or in part. *Id.* But a party objecting to the FCR must "file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). This means an objection must be "sufficiently specific to put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). But where an objection to the FCR is only general,

the Court reviews the objected conclusion for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996).

To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. *United States v. Mathis*, 458 F. Supp. 3d 559, 564 (E.D. Tex. 2020), *report and recommendation adopted*, 458 F. Supp. 3d 559 (E.D. Tex. 2020). If the objecting party fails to assert specific objections, the district court need not consider frivolous, conclusory, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.3d 419, 421 (5th Cir. 1987).

## ANALYSIS

In the FCR, the Magistrate Judge conducted a thorough analysis of Plaintiff's difficult to comprehend complaint and found that this Court lacks subject-matter jurisdiction over all her claims. ECF No. 39 at 6. The Magistrate Judge further recommended that this Court decline exercising supplemental jurisdiction over the remaining state law claims. As a result, the Magistrate Judge recommended dismissal of all of Plaintiff's claims without prejudice.

Plaintiff filed an "objection," but stated no specific reasons for the objection. *See* ECF No. 45. As such, the Court conducts a plain error review of the FCR. Having reviewed the FCR for plain error and finding none, the Court believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of this Court.

Even if Plaintiff made specific objections, and this Court undertook a *de novo* review, her complaint would still be woefully deficient in every legally significant area.

As a result, Defendants Motion to Dismiss (ECF No. 19) is hereby **GRANTED**. The Court further refuses to exercise supplemental jurisdiction over Plaintiff's remaining state law claims based on the factors set forth in 28 U.S.C. § 1367(c) and other considerations of judicial economy, convenience, fairness, and comity.

The Court therefore **ORDERS** that this case is **DISMISSED without prejudice.**

**SO ORDERED** on this **11th day of August 2023.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE